UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO FIGUEROA-HERNANDEZ,<br><br>                    Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,<br><br>                    Respondents. | Case No.: 25-CV-3669 JLS (VET)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Rigoberto Figueroa-Hernandez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Gregory J. Archambeault (Field Office Director, San Diego Field Office), Christopher LaRose's (Senior Warden, Otay Mesa Detention Center), Kristi Noem's (Secretary, U.S. Department of Homeland Security), Todd Lyons's (Acting Director, U.S. Immigration and Customs Enforcement), and Pamela Bondi's (U.S. Attorney General) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 5). Petitioner did not file a Traverse. *See generally* Docket.

Petitioner, a native and citizen of Honduras, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 21, 2025, after appearing for a hearing before an Immigration Judge. Pet. ¶ 1. An Immigration Judge released Petitioner on a $1,500 bond on July 15, 2011, and closed his removal proceedings on October 15, 2012. *Id.* ¶¶ 26–27. DHS moved to reopen removal proceedings on May 29, 2025, and ICE detained Petitioner after he appeared for his first hearing in the reopened proceedings on October 21, 2025. *Id.* ¶¶ 28–29. Petitioner claims that his detention stands in violation the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 8.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Ret. at 2. Because of this, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to release Petitioner on the same $1,500 bond and conditions of release as ordered by the Immigration Judge on July 15, 2011.

**IT IS SO ORDERED.**

Dated: December 29, 2025

*[signature]*
Hon. Janis L. Sammartino
United States District Judge

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment concluding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.